Per Curiam.

The first of the defendant’s two assignments of error involves a certain photograph which was admitted into the evidence and was sent with the jury to their room.
*203 During the taking of the testimony a blackboard was used. A drawing was made thereon in an effort to illustrate the intersection at which the collision of the two automobiles occurred. Miniature automobiles were attached thereto in order to visualize their relative positions during the occurrence. The plaintiff proffered this blackboard as evidence. However, the trial court sustained the defendant’s objection thereto. The court then suggested that a photograph of the blackboard be made and offered in evidence. This was done, and the photograph was sent with the jury to their room.
A study of the record discloses two fatal difficulties which preclude a consideration of this assignment of error. The first is that the defendant interposed no objection to the use of the blackboard diagram during the course of the trial. In fact it was used by both the plaintiff and the defendant. The second difficulty is that, although the defendant objected to the admission of the photograph, he interposed no objection to the photograph itself or to the trial court’s action in sending it with the jury to their room.
The defendant’s remaining assignment of error challenges the charge of the court to the jury.
The plaintiff’s petition contains three specifications of negligence. The first was stricken, and hence the court did not charge the jury thereon. The case was submitted to the jury on the second and third specifications. The defendant contends that the evidence did not warrant a charge on the third specification which alleges negligence on the part of the defendant “in failing to apply his brakes, swerve or divert the course of his motor vehicle to avoid striking the motor vehicle in which plaintiff was a passenger.”
The defendant insists not only that there should have been no charge concerning the third specification but that the instruction itself was erroneous. This charge reads:
“The second element is in failing to apply his brakes swerve or divert the course of his motor vehicle to avoid striking the motor vehicle in which plaintiff was a passenger. Now, with respect to that allegation of negligence, it was the duty of the defendant as to each and all of these particular matters, to exercise that degree of care which a person of ordinary care and *204 prudence is accustomed to exercise under the circumstances the same or similar to those existing at the time and place in question. In other words, as I have defined it to you already, it would be his duty to exercise ordinary care of an ordinary prudent man under the same or similar circumstances. If you find from the evidence that the defendant did exercise ordinary care in these matters as set forth in this allegation at the time of this accident then, of course, you can not find him negligent by virtue of this particular allegation of negligence. If, on the other hand, you find that the defendant did not exercise the ordinary care of an ordinary prudent man under the same or similar circumstances, then you would find him negligent and if his negligence was the proximate cause, you would then find in favor of the plaintiff. ’ ’
With reference to the defendant’s contentions concerning the third specification of negligence, the Court of Appeals concluded :
“We have examined the charge in its entirety and are of the opinion that the charge correctly states the law applicable to the issues presented, and this assignment is not well taken. ’ ’
A further pertinent comment of the Court of Appeals summarizes the issues as follows:
“The issues of the case involved a determination of which vehicle had the green light in its favor and was, therefore, entitled to the right of way through the intersection, and also whether or not the defendant exercised ordinary care after observing the northbound car in the intersection. There was a direct conflict in the testimony as to which car had the green light upon entering the intersection. ’ ’
A study of the record confirms the correctness of this view. The issues of fact were sharply drawn, and there was no prejudicial error in their submission to the jury who saw and heard the witnesses and were the sole judges of their credibility.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft and Peck, JJ., concur.
Matthias, Bell and Herbert, JJ., dissent.